Hebert. All right. United States v. Hebert, number 17-8028. Please record, counsel. My name is W. Keith Fiddy, and I represent Mr. Hebert. Now, Mr. Hebert was convicted of possession of child pornography. The district court found that Hebert had two prior misdemeanor convictions for sexual abuse of a minor in Georgia in 2002. Accordingly, Hebert was sentenced to the enhanced mandatory minimum of 10 years. I believe the court is in error. Of course, the question is whether, the preliminary question really is whether the statute under which he was sentenced and pled guilty in Georgia was divisible. And you have to look at the elements of that crime in Georgia. And those elements are that there be physical contact with the victim's private parts, which include maybe something so innocuous as the derriere. Two, his intent to have such contact. And three, lack of consent on the part of the victim. That particular statute has been interpreted by the Georgia Supreme Court. While it's labeled, the statute is labeled sexual battery, it doesn't require any sexual contact at all. That's what the Georgia Supreme Court said. That Watson? Yes. But it does require contact with intimate parts. It does require contact with intimate parts as defined by the Georgia statute. Right. And the federal statutory definition of sexual contact has exactly the same definition, does it not? For example, the inner thigh. The Georgia statute criminalizes conduct that would involve contact with a minor's inner thigh. Well, that happens to be one of the specific examples in the federal statutory definition of sexual contact. But it's got to be sexual. Right. It's got to be sexual in nature under the federal statute. This is not sexual in nature. It can be, for instance, the conduct that was alleged that he touched the intimate parts of the child for sexual purposes. That would fit within the statute. But just to use an example that maybe is more contemporary, let's just say that a boss or some guy patted a woman, an adult woman, on her buttocks. That violates that Georgia statute. And it also violates the federal statute that specifically categorizes that part of a female's body as, by definition, sexual contact. So I don't understand how you can parcel out, well, it's just talking about a woman's derriere. Or, by example, an inner thigh and say, well, that's not sexual. Well, federal law defines it as sexual. But it's not sexual under Georgia law. It is. It is. I mean, that's what the statute criminalized. That's what he got convicted of was sexual battery because he had contact with a minor's intimate parts. And I'm saying, well, if you transpose what intimate parts consists of, well, it happens to be the same laundry list that falls under the federal statutory definition of sexual contact. Well, I understand about the laundry list. The point is the Georgia statute is not only for sexual abuse. It's got a title that says that, but that's not what the Georgia Supreme Court says. And this court is bound by what the Georgia Supreme Court, its interpretation of the statute. But anyway, it really doesn't make any difference because it's not divisible. The statute is not divisible. Counsel, why do we even have to worry about that if our decision in McCutcheon is still good law? McCutcheon would allow us to go straight to the records and look, see what happened. And if we do that, then it seems like we'd need to affirm, wouldn't we? Well, I can tell you exactly why. Because Bennett, first, when you look at both McCutcheon and Bennett, now Judge Scavdall said that there was a tension between the two. The more I've looked at it, the less tension I think there is between the two because McCutcheon, that Kansas statute, as I recall, was a divisible statute. And in Bennett, the Colorado statute was also a divisible statute. Now, the rule is this. If the statute is indivisible, which the Georgia statute is clearly indivisible. Everybody agrees on that. Judge Scavdall made a specific finding that the Georgia statute was not divisible. That is the end of the discussion. All right. But my question is this, which you haven't answered. If McCutcheon is the governing authority, then the court can go to the record documents. Is that correct? I mean, doesn't this just come down to where we are? Is McCutcheon still good law or did Bennett change things? But I'm not to Bennett yet. I'm just saying, let's say we only have McCutcheon, then was it permissible to look at the records? And if you look at the records, wasn't the sentence appropriate? I know you want to go to Bennett, and we can go to Bennett in a minute. But I want you to stick with McCutcheon and tell me if that's right. McCutcheon is right because the Kansas statute was divisible. But you're saying that McCutcheon is no longer good. If it's not divisible. Yeah, if it's not divisible, McCutcheon would be wrong. But the statute, if you look at that Kansas statute, it's clearly divisible. But even if it's not, and McCutcheon doesn't apply or can't be applied, under 2252AB2, the elements of the state statute must only relate to the generic crime to trigger the enhancement. And don't we have that at least in one of the sets? And all you need is one. Well, I'm kind of reluctant to go to Bennett because Bennett speaks directly to that issue and says the relating to language has meaning. And it broadens the court's analysis of the statute. But under Bennett, and Bennett says this specifically in several places, the relating to language is only applicable if the statute is divisible. And the relating to language is broadening. Even if you use a categorical approach, it can still relate to under the section that I referenced. No, I don't think so at all. And Bennett says exactly the opposite. Bennett says if it's not divisible, the relating to language simply is inapplicable. He could be guilty all day long. Go ahead. Well, if that doesn't, if you can't use the modified categorical approach, you never get to that issue. Right. But the statute doesn't make that distinction. Well, Bennett says that. Well, all right. And it says that exactly. I mean, it says here. What page? Well, it's okay. Go ahead and read. I'm sorry, I don't have that page number. I wrote it down this morning when I was. Read whatever you want. The modified categorical approach is appropriate when the prior criminal conviction language is both broad and divisible. It has to be divisible before the relating to language is applicable. Well, Mr. Goody, let me, I want to follow up with Judge Kelly's question. I think you're reading from page 213.21. And before the panel in Bennett gets into looking at the record documents, saying, just as you indicated, that that requires divisibility to apply the modified categorical approach, what precedes the language that you're referencing on page 1321, thus, in applying 2252A2B2, we start with the categorical approach even if we do not end there. Consequently, we first ask whether the prior conviction, the language of the prior conviction, categorically triggers the enhancement. If not, we may proceed beyond the categorical approach if two prerequisites are met. First, we have access to the court documents like Shepard documents. Second, the statute of prior conviction must be divisible. Now, back to my colleague's question. So, let's say you're right. It's indivisible. You look at whether or not the Georgia statute, under the categorical approach, relates to sexual abuse. I think what Judge Kelly's asking you, and I have exactly the same question, why doesn't the Georgia statute categorically relate to sexual abuse? Now, maybe it didn't, maybe it theoretically couldn't involve sexual penetration, but it certainly involved contact, sexual contact, as this federal statute defines, and Bennett, as you, I think, acknowledge, that is very broad language. All it has to do is relate to sexual abuse, and by definition, it's talking about contact with a female's intimate parts. Well, my question is how in the world does that take into consideration what the Georgia Supreme Court said about its own statute, that it isn't a sexual statute. It doesn't have to be. It just has to relate to, and that certainly relates to. It's not divisible. It relates to sexual abuse, divisible or not. But if it's not divisible, you never get to the relates to language. That's exactly what Bennett is saying. Respectfully, Mr. Goody, I think that's exactly contrary to what I just read to you. You get to the modified categorical approach if it's divisible. I think what Judge Kelly is saying is, okay, it's not divisible. We give you that. Now, on its face, what he's saying is, it doesn't say that the Georgia Federal State, like the enumerated defense clause that we were talking about in a prior case, that it is sexual abuse. It doesn't say that. The statute says under 2252A2B, it simply has to relate to sexual abuse, categorically. That's what he's trying to ask you, I think. But that's my question, and I still don't know the answer. Well, you read part of Bennett to me, but you didn't read it all.  And the last statement, just like I said, is that the modified categorical approach is appropriate only when the language is broad and the statute is divisible. That is the rule by the last time that a panel in this court dealt with that. So it seems to me that it's just black and white. If it isn't divisible, you never get to the relation to language. And Judge Scaff also said it wasn't divisible. And that's the end of the discussion. I understand what you're trying to say, but that's not what the law is. OK? The other thing, I have like 35 seconds. Even if the modified categorical approach was appropriate, when you examine the record, there's no evidence that he admitted to the sexual contact with the children. The children, I think that that's... He signed the indictment. Yeah, but he didn't plead to the indictment. Well, he signed it, and then there was no paperwork thereafter, and they gave him a reduced deal to get out of the state. Well, they wrote over the indictment, crossed it out, and said... He signed his name on it. ...the Georgia misdemeanor statute. So that's what it was. Thank you, counsel. Thank you very much. May I please record, counsel? My name is Jason Conard. I'm an assistant United States attorney out of the Lander, Wyoming office. You were here a little while ago, right? I was, yes, Your Honor. I thought you looked familiar. Your Honor, if this were an ACA Armed Career Criminal Act case, the defendant would win. But fortunately for the government, this is not an Armed Career Criminal Act case. This is brought under 2252 AB2, and the pertinent language is, relates to, when Congress imposed a 10-year minimum sentence for a defendant just like this, one who had previously been convicted of two sexual offenses against two little girls, and then he comes to Wyoming and he's found possessing over 100 images of child pornography. Well, Mr. Conard, could you give us your understanding of how Bennett fits in here? And in particular, given our decision in that case, why didn't the district court err when it looked at the documents underlying the conviction, under an indivisible statute? So I think with Judge Skavdal, when he was faced with this decision at sentencing, he recognized the potential conflict of Bennett. And there is a potential conflict. As Judge Skavdal noted, McCutcheon is this case on all fours. And then Bennett comes out, and this court in Bennett goes through and says, McCutcheon's basically a great case. We're going to recite it. It's good. But then the court throws down, as Judge Bachrach noted on page 1321, it walks out and says, we start with the categorical approach, but we need not end there. We can then move to the modified categorical approach. We have the Shepard documents, and then it talks about discounts, if it's divisible. So I think that's when Judge Skavdal did go, wait a minute. We're now on this post-Johnson, paying a lot of attention to all this stuff, now modified categorical, what can we use? And Judge Skavdal basically said that Bennett, when it said indivisible, it doesn't mean elemental divisibility. It means factual divisibility. And that would be the position of the government is that when this court- You mean the words must be divisible and then citing DeCamp. Correct. It means something different than what DeCamp said was divisible, even though it's citing DeCamp? I would say yes, Your Honor. And the reason for that would be is when you read the entirety of Bennett with McCutcheon. So when you go back to McCutcheon, it was this case on all fours. It was a defendant who was previously convicted of Kansas battery. The court there, the sentencing court in this court, couldn't tell whether the sexual battery was upon a child or an adult. By the way, does it matter in McCutcheon and in this case? Is the statute here divisible or not? In the Armed Career Criminal Act sense, no, Your Honor. The elementally, no, it is not. It's not. But neither was McCutcheon. And this court faced that issue. And that's what McCutcheon was about. The court faced this exact scenario. The court in McCutcheon had a defendant who had a sexual battery conviction out of Kansas. And an element of the offense was not the age of the victim. It didn't matter if it was a child or an adult. It was a sexual battery. But the court in McCutcheon said that Taylor and Shepard are not the end-all, be-all for sentencing in hand. Well, no, I understand the McCutcheon piece of this. I'm just wondering why Bennett didn't change. Are you saying that this passage that we've been looking at is dicta? Yes. I believe it is. I believe it's either dicta or it refers to what comes before. I think it's either dicta or it was Judge Bacharach said when it talks about when we apply the categorical approach, we need not end there. If you go up to the next paragraph, the last paragraph on page 1320, it cites affirmatively McCutcheon. And it said, in McCutcheon, we merely rejected the notion that courts must exclusively focus on the elements of the prior conviction and are confined solely to the elements of the statute. So to take it then, you're relying on McCutcheon. Yes, Your Honor. All right. And you're relying on being able to look at the record documents. Yes, Your Honor. That is one argument. The United States would also argue that categorically this is abusive. It's a sexual abuse. But doesn't, I mean, I understand the argument on McCutcheon and the documents. But on the categorical, I mean, Mr. Goody kept bringing up this Watson case. Why doesn't the Watson case present a problem on your categorical argument? I think it depends on how this court defines, relates to sexual abuse and what, how we define sexual abuse. So categorically, this case, we have a defendant with two prior convictions, the intentional, nonconsensual touching of the intimate parts of anybody. And intimate parts are defined as genital area, groin, the anus, buttocks. And it includes the female breasts, which 2246 does not. Mr. Goody is correct. 2246 requires an intent element, that is, the touching with the intent to gratify, humiliate, or harass. The Georgia statute does not have that. But it goes without, let me back up. The Ninth Circuit in Cenarius and Sullivan, the government thinks, has it best. And that is, sexual abuse is a common sense determination of what does sexual abuse mean? It relates to, and so when we go through all these steps, 2252 AB2 said it has to be a state conviction that relates to sexual abuse. But it's still a categorical analysis. I understand you're making two different arguments. Correct. But on the categorical analysis, even if it is relate to, Georgia Supreme Court has put a broad gloss on the statute. And why, I mean, you start out by saying, well, if this were an ACCA case, you'd lose. And I assume that that's because under the categorical approach, you would run into a problem with Watson. And so my question is, why don't you still have a problem with Watson? And, Your Honor, let me clarify that. The government's concession on the Armed Career Criminal Act was wholly on the divisibility issue with regard to this case. So I apologize for that. On this one, I think I hadn't thought about the Armed Career Criminal Act elements of it as opposed to relates to in this case. Well, it's not, I guess I'm not tying this strictly to the ACCA. I'm just talking about how we conceive of the categorical approach. That if the statute of conviction can include conduct that goes beyond what the crime of conviction would cover, then it's not categorically going to support the sentence. I mean, isn't that just kind of now become the conventional approach under the categorical approach? Your Honor, I think the categorical approach here would be sexual abuse. And we would look to reasonable probabilities, not theoretical possibilities. And so the government's argument conceded is not as strong on sexual abuse as it is on the modified categorical approach of abusive sexual conduct of a minor. So the government's position is that the defendant's sentencing enhancement applies in two separate ways. First, it relates to sexual abuse. And the government would answer the court's question, citing to the Cenarius case and the Sullivan case, and that is the categorical approach. It is, first of all, we have to define what is sexual abuse. So if we define sexual abuse under 2242 under the federal statute, then the government would lose because that's a whole different ball of wax. But the courts have routinely said it's not equivalency. Relates to doesn't mean the state statute has to be equivalent to 2242. It has to be sexual abuse. And in those cases out of the Ninth Circuit, the court said, first of all, what is abuse? It's basically a battery. It's non-consented touching. It's a misuse and mistreatment. What is sexual? It's a common sense, everyday term. We know, all of us in this room know what sex and sexual is. So when we talk about a battery, which is a non-consensual touching of another person, and it's done in a sexual area, so it's touching somebody's genital area, their buttocks, a female's breasts, that becomes an offense that categorically relates to sexual abuse. And that would be the government's position on that, Your Honor. With regard to the second reason it qualifies, and that is under the modified categorical approach. And that is, if the defendant is right, and this court in Bennett cited the camps and said, from now on, the elements of the statute must be divisible or we can't use the modified categorical approach, then the government agrees we would lose. But that's not what Bennett said. Because when you read Bennett in conjunction with McCutcheon, and the only way you can do that is to go back on page 1320, and when it talks about Bennett, McCutcheon said, look, Taylor and Shepard are really helpful, and we'll start with the categorical approach. But it's not the end-all and be-all for every single sentencing enhancement. We use it because it's a really helpful tool. But in McCutcheon, we only look to, we're not focused on the elements. And that's exactly what happened in McCutcheon. And there, McCutcheon is this case all over. The defendant, using Taylor, made the exact same argument that the defendant here did. Said that the Kansas statute was not divisible, therefore we can't look at the underlying Shepard documents to see whether it was an adult or a child. And so when that happened, this Court said, no, we're not focusing on the elements. We can look beyond the elements to the factual divisibility. And then the Court came out and said. Counsel, you know, that doesn't even sound like modified categorical. Modified categorical is a means to determine what the actual crime, you look at the underlying documents, you figure out what the crime is based on the elements that were actually charged. And then you go back to doing a categorical analysis. But it seems like McCutcheon is taking you straight into the documents and just deciding, based on the facts of the case, whether there was sexual abuse. So, I mean, maybe I'm just making a technical point, but I'm wondering if putting that label on it is accurate. It may not be. And I think that's part of the problem, Your Honor. And I think you've hit the key point, is what McCutcheon said is, Taylor and Shepard aren't the end-all, be-all for every sentencing enhancement. So when we start throwing around terminology that we all know, and it has a clear and distinct meaning in Armed Career Criminal Act cases, categorical, modified categorical, it goes to the elements. When that starts slipping over into things that it really doesn't apply to, it does create confusion. So I'm not sure I can answer it to 100 percent certainty as to what it means. I'm trying my best to use it in an analogous situation where, because the court in McCutcheon didn't say that. It didn't say modified categorical. It just said, look, we can use the Shepard documents because they're reliable. That negates any Fifth or Sixth Amendment issues. These are reliable documents based on Shepard. We're good to go. I think after DeKalb and Bennett, McCutcheon's still good luck, and Bennett is on all fours with McCutcheon. When you read through Bennett, not one time in there did the court in Bennett ever criticize, call into question, or doubt McCutcheon. It merely just, it's cited as camp. Well, even if McCutcheon is gone forever, for whatever reason, why isn't the Georgia sexual battery statute relates to the general offense, the generic offense of sexual abuse? Maybe not sexual abuse of a minor, but at least sexual abuse, and that's all you need. Correct, Your Honor, and that is the government's number one argument that, regardless of this whole modified categorical approach, regardless of McCutcheon, that the Georgia statute relates to sexual abuse. In doing so, the government would again rely on scenarios and Sullivan out of the Ninth Circuit, and that is, it's a common sense, everyday definition of what does sexual abuse mean. Because in 2252AB2, Congress never limited it to a felony offense. It previously said, earlier in the statute, any conviction under 109. So if you wanted to tie the enhancement specifically to a 2242, it already did. If we look to 2241 and 3559E, the sentencing enhancement for prior sex offenses, Congress specifically said a state offense that would have been a federal offense under this statute, or under 2242, and it didn't do that. So I recognize it relates to, we can't take it way off the farm, so to speak, but we're not asking to do that here. This is, as the Ninth Circuit said, it's a common sense. What is abuse? It's a battery. If you touch somebody against their will and intentionally, in their genitalia, in their buttocks, in places like that, that's an abuse and that's sexual. And as the court in McCutcheon said, and I think it's important here, what is important to look at is the conduct that gave rise to the conviction, not the elements of the offense. It would indeed be strange if a defendant's prior conviction actually involved abusive sexual conduct of a minor, but he escaped appropriate punishment because the age was not an element of the offense. But it sounds like that quote takes you back into what actually happened when you say, when you look at the actual conduct. Exactly, Your Honor. I would say that that's still permissible under Bennett v. McCutcheon. Thank you, counsel. Thank you to both counsel for your arguments this morning. The case will be submitted and counsel are excused. The panel will be excused for a few minutes, too. We're going to take a short break.